12-2562-cr
United States v. Vazquez-Alvarez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Argued: December 12, 2013                    Decided: July 24, 2014)

Docket No. 12-2562-cr

_____

UNITED STATES OF AMERICA,

*Plaintiff - Appellee*,

v.

ALBERTO VAZQUEZ-ALVAREZ,

*Claimant - Appellant*,

APPROXIMATELY $750,000.00 IN UNITED STATES CURRENCY,

*Defendant.*[1]

_____

Before:  POOLER, PARKER, and WESLEY, *Circuit Judges*.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from United States District Court for the Southern District of New York (Barbara S. Jones, *J.*) from a judgment of forfeiture entered June 19, 2012 against the defendant currency. Because we find the district court properly exercised jurisdiction over the res at issue in this case, we affirm.

Affirmed.

_____

LUIS RAFAEL RIVERA-RODRIGUEZ, San Juan, PR, *for Claimant-Appellant Alberto Vazquez-Alvarez.*

MARTIN S. BELL, Assistant United States Attorney for the Southern District of New York, (Preet Bhara, United States Attorney, Justin Anderson, Assistant United States Attorney, *on the brief*) New York, NY, *for Appellee United States of America*.

PER CURIAM:

Alberto Vazquez-Alvarez appeals from the June 19, 2012 order of forfeiture entered into the United States District Court for the Southern District of New York (Barbara S. Jones, *J.*) seizing roughly $750,000 in cash. On appeal, Vazquez-Alvarez argues that the district court erred in granting the government's motion for a default judgment against the res without first considering his motion to dismiss for lack of jurisdiction. Vazquez-Alvarez argued that the government both failed to bring its forfeiture action within the statutory time limits and did

not execute its warrant against the cash, stripping the district court of its jurisdiction over the res. We disagree. The statutory time limits for commencing a forfeiture action are claims-processing rules, not jurisdictional rules. As Vazquez-Alvarez failed to establish standing to challenge the forfeiture–a holding unchallenged on appeal–we affirm the district court's judgment of forfeiture.

## BACKGROUND

### I. Factual background.

Because of the procedural posture of this case, the record below was not fully developed. Vazquez-Alvarez and the government each offer differing versions of the facts. As the factual differences are irrelevant to the outcome of this appeal, however, we simply note where the parties' stories diverge in our recitation below.

Vazquez-Alvarez left his hotel room at a Best Western in the Bronx on the evening of May 12, 2010, entered his vehicle and drove off. Agents for the Drug Enforcement Administration ("DEA") and New York City Police Department ("NYPD") were conducting surveillance in the area, which was known for narcotics trafficking activity. The law enforcement officers observed Vazquez-

Alvarez leave the hotel and drive away. After noticing Vazquez-Alvarez failed to signal when making a left turn, the law enforcement officers ordered Vazquez-Alvarez to pull over. Vazquez-Alvarez did not stop immediately, but drove on for roughly half a block while speaking on his mobile phone. When Vazquez-Alvarez did pull over, a law enforcement officer approached his vehicle, asked for identification and noted that Vazquez-Alvarez "appeared nervous."

The government contends Vazquez-Alvarez verbally consented to a search of his vehicle. Vazquez-Alvarez disputes that contention, alleging that the agents did not ask for consent, and he never provided it. The agents searching Vazquez-Alvarez's car found two large duffel bags which contained roughly $750,000 bundled in stacks of $20,000 each. The government alleges its agents asked Vazquez-Alvarez about the source of the cash, and he told them he had recently won the lottery.

Vazquez-Alvarez alleges the agents drove him back to the Best Western Hotel, and then left him handcuffed in their car while they performed a search of his hotel room. He further alleges that he was photographed and fingerprinted at another room at the hotel and subjected to a custodial interrogation before being taken to his vehicle and sent home. Vazquez-Alvarez states the agents

4

simply kept the cash without issuing him a receipt, charging him with a crime or even issuing him a traffic ticket.

## II. Procedural background.

Vazquez-Alvarez filed a motion for the return of his property in the Southern District of New York pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, docketed July 9, 2010. On August 12, 2010, the government filed an in rem complaint in the Southern District of New York seeking forfeiture of the $750,000 ("the Cash") on the ground that the funds were either involved, or intended to be involved, in drug trafficking.[2] On October 5, 2010, Vazquez-Alvarez filed a claim of interest in the government's action, alleging that he was the "owner/possessor" of the Cash. The government then served interrogatories on Vazquez-Alvarez on October 26, 2010 seeking to clarify his relationship to the Cash, as permitted by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Forfeiture Rules"). The interrogatories included questions asking Vazquez-Alvarez to "[s]tate, with specificity, why you

---

[2] After filing its complaint, the government moved to dismiss the Rule 41(g) action as moot. The district court granted the motion, which went unopposed, on December 20, 2010.

are the owner of the [Cash]," "the source from which you acquired the [Cash]," and "[i]f you contend the [Cash] was derived from lottery winnings, identify the name of the lottery, the state in which the lottery was offered, the date you won the lottery, the date you claimed your prize, the amount you won, and provide any documents in support of your claim that you won the lottery."

Vazquez-Alvarez never responded to the government's interrogatories. On January 21, 2011, the government moved to either (1) strike Vazquez-Alvarez's claim, or alternatively, (2) for an order to compel a response to the interrogatories. On March 3, 2011, Vazquez-Alvarez moved to dismiss the complaint on the basis that the district court had no jurisdiction over the Cash. Vazquez-Alvarez argued that the district court could not properly exercise jurisdiction over the Cash because the government (1) failed to comply with the 60-day time period for filing a complaint pursuant to 18 U.S.C. § 983(a)(1)(A)(ii), and (2) failed to execute its arrest warrant in rem against the Cash. The district court denied both the government's motion to strike and Vazquez-Alvarez's motion to dismiss as premature, and ordered (1) Vazquez-Alvarez to file an answer; (2) the government to re-serve its special interrogatories; and (3) for Vazquez-Alvarez to respond to the interrogatories.

Vazquez-Alvarez did file an answer, but instead of responding to the interrogatories he brought a motion for a protective order excusing him from answering the government's interrogatories and renewed his motion to dismiss the complaint for lack of jurisdiction. The government moved to strike his claim or for an order compelling him to respond to the interrogatories. On December 8, 2011, the district court denied each of Vazquez-Alvarez's motions and granted the government's motion to compel a response to the interrogatories. The district court concluded that the forfeiture rules required Vazquez-Alvarez first respond to the government's interrogatories before deciding either the government's motion to strike or Vazquez-Alvarez's motion to dismiss. The district court ordered Vazquez-Alvarez to respond to the interrogatories by December 29, 2011. After allowing several extensions of time for Vazquez-Alvarez to respond, the district court granted the government's motion to strike his claim. The district court found that

> Since Claimant's extreme delay in responding to the Special Interrogatories, which were initially served on his counsel on October 26, 2010, has prejudiced the Government in obtaining information necessary to prosecute this matter as well as to ensure that the Claimant has proper Article III standing, the Court grants the Government's request to strike the Claimant's claim for failure to comply with discovery obligations.

7

Default judgment was entered in favor of the government on June 19, 2012. This appeal followed.

**ANALYSIS**

The question of whether the district court was obliged to consider Vazquez-Alvarez's motion to dismiss for lack of subject matter jurisdiction before considering any other issue is a legal conclusion that we review de novo. *See, e.g.,* *Phillips v. Saratoga Harness Racing, Inc.*, 240 F.3d 174, 177 (2d Cir. 2001).

On appeal, Vazquez-Alvarez does not contest the district court's finding that he failed to establish standing in the in rem action. The only question before our Court is whether the district court erred in refusing to consider Vazquez-Alvarez's motion to dismiss for lack of subject matter jurisdiction before he established standing in the matter. We find no error.

In rem forfeiture actions are governed by Rule G of the Forfeiture Rules[3] and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202.

---

[3] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions also govern civil forfeiture claims. *See* 18 U.S.C. § 981(b)(2); 21 U.S.C. § 881(b).

We agree with the district court that the Forfeiture Rules require claimants first establish standing to intervene in the in rem action before moving to dismiss. Any "person who asserts an interest" in the res that is the subject of a forfeiture action may "contest the forfeiture by filing a claim in the court where the action is pending." Forfeiture Rule G(5)(a)(i). The government may then move to strike the claim on the ground that the "claimant lacks standing." Forfeiture Rule G(8)(c)(i)(B). The claimant must then establish standing by a preponderance of the evidence. Forfeiture Rule G(8)(c)(ii)(B). Standing is a prerequisite to challenging the forfeiture. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) ("In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court."). Once a claimant establishes standing, the claimant can then move to dismiss the action. Forfeiture Rule G(8)(b)(i)("A claimant who establishes standing to contest forfeiture may move to dismiss the action . . .").

Indeed, the Forfeiture Rules provide that if the government issues interrogatories aimed at determining whether a claimant can establish standing, the government need not respond to a motion to dismiss "until 21 days after the

9

claimant has answered [the] interrogatories." Forfeiture Rule G(6)(c). If the government does move to strike a claim, that motion to strike "must be decided before any motion by the claimant to dismiss the action." Forfeiture Rule G(8)(c)(ii)(A). Establishing standing in the context of a forfeiture action before considering the merits of a motion to dismiss simply makes sense: the defendant in such an action is the res, not the claimant. Without standing, the claimant lacks the right to bring any motion, regardless of the basis. It is thus incumbent upon a court to establish whether the claimant "'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1157 (2d Cir. 1994) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

Moreover, the claims raised by Vazquez-Alvarez in his motion to dismiss do not implicate the court's subject matter jurisdiction. First, notwithstanding Vazquez-Alvarez's contention to the contrary, execution of the arrest warrant is specifically excused by the Forfeiture Rules when the property is already in the government's possessions, custody or control. Forfeiture Rule G(3)(c)(ii)(A).

Second, Vazquez-Alvarez alleges that the government filed its civil forfeiture action against the Cash "well after the 60-day time period allotted by 18 U.S.C. § 983(a)(1)(A)(ii)." Assuming without deciding that the government filed late, a late-filed forfeiture action would not deprive the district court of subject matter jurisdiction. "[T]he provisions of § 983 are procedural rules for pursuing the forfeiture of seized assets," not "conditions of subject matter jurisdiction. " *United States v. Wilson*, 699 F.3d 789, 795 (4th Cir. 2012); *see also Eberhart v. United States*, 546 U.S. 12, 16 (2005) ("'Clarity would be facilitated' . . . 'if courts and litigants used the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.'") (*quoting Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). Jurisdiction is "the court's statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (emphasis and internal quotation marks omitted). "[I]t it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). At bottom, to challenge the forfeiture here Vazquez-Alvarez first needed to establish standing and then make

11

his arguments in the form of a motion to dismiss. He cannot escape answering the government's interrogatories by instead bringing a motion to dismiss. Without standing, he is simply a stranger to the litigation.

## CONCLUSION

We have examined the remainder of Vazquez-Alvarez's arguments and find them to be without merit. For the reasons given above, we affirm the default judgment of forfeiture entered by the district court.