15-3967
*United States v. $417,143.48 et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 8th day of March, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
               GERARD E. LYNCH,
               DENNY CHIN,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                       *Plaintiff-Appellee*,

                       v.                                                    No. 15-3967

*$417,143.48, FOUR HUNDRED SEVENTEEN THOUSAND, ONE HUNDRED FORTY-THREE DOLLARS AND FORTY-EIGHT CENTS ($417,143.48), more or less, in United States currency seized from J.P. Morgan Chase Bank Account number 4462287420 held in the names of Amelia de Carmen Dominguez and Gustavo Julia, and all proceeds traceable thereto and $568.71, FIVE HUNDRED SIXTY-EIGHT DOLLARS AND SEVENTY-ONE CENTS ($568.71), more or less, in United States currency seized from J.P. Morgan Chase Account number 4462287933 held in the name of GG Gold, Inc. and all proceeds traceable thereto*,

                       *Defendants in rem*,

*Amelia de Carmen Dominguez and Gustavo Julia,*

*Claimants-Appellants.*[*]

_____

For Claimants-Appellants:     Leonard Lato, Hauppauge, NY.

For Plaintiff-Appellee:       Varuni Nelson and Tanya Y. Hill, Assistant United States
                              Attorneys, *for* Robert L. Capers, United States Attorney for the
                              Eastern District of New York, Brooklyn, NY.


Appeal from the United States District Court for the Eastern District of New York

(Brodie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

In this civil forfeiture action, Claimants Amelia de Carmen Dominguez and Gustavo Julia

appeal from a Decree of Forfeiture and Order of Delivery entered by the United States District

Court for the Eastern District of New York (Brodie, *J.*) forfeiting and condemning the defendants

in rem (in sum, $417,712.19) to the use and benefit of the United States. We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

For the reasons that follow, we affirm.

In January 2011, Spanish authorities caught Julia with almost 1,000 kilograms of cocaine

on board a private jet he leased to transport the cocaine from Argentina to Barcelona. Upon his

arrest, Dominguez (Julia's spouse) transferred $409,000 from the bank account Julia used to

fund the lease of the jet (J.P. Morgan Chase Bank Account number 4462287933) to a personal

bank account held in both their names (J.P. Morgan Chase Bank Account number 4462287420).

The United States subsequently seized the roughly $418,000 in funds held in both accounts. On

_____

[*] The Clerk of Court is respectfully directed to amend the official caption to conform to the
caption above.

October 8, 2013, the government filed a complaint *in rem* (the "Complaint"), alleging that the seized funds were subject to forfeiture pursuant to: (i) 21 U.S.C. § 881(a)(6), as money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used to facilitate a violation of the Controlled Substances Act; and (ii) 18 U.S.C. § 981(a)(1)(A), as property involved in an actual or attempted money laundering transaction. The Claimants failed to file verified claims contesting the forfeiture by the filing deadline, instead filing an unverified Notice of Claim several months after the deadline to file had lapsed. Months later, the government moved to strike the Claimants' unverified claims; Dominguez moved for leave to file a verified claim *nunc pro tunc*; and Julia moved to dismiss the Complaint. The district court granted the government's motion and denied the Claimants' motions, concluding that the Claimants lacked statutory standing to challenge the forfeiture by virtue of failing to perfect their claims and that Dominguez had not shown excusable neglect for her failure to comply with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[1]

We review legal determinations made by a district court adjudicating a civil forfeiture action, such as whether a claimant has statutory standing to contest a forfeiture action, *de novo*. *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999). We review a district court's denial of leave to file an untimely verified claim for abuse of discretion. *See id.* at 529.

On appeal, the Claimants concede that they did not file timely verified claims, as required by Rule G(5). The Claimants therefore lack statutory standing to contest the forfeiture and the district court properly struck the Claimants' defective Notice of Claim on that basis. *See id.* at

---

[1] "In rem forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil Asset Forfeiture Reform Act of 2000 . . . ." *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (per curiam) (footnote omitted). To the extent that Rule G is silent on an issue, the Federal Rules of Civil Procedure, along with Supplemental Rules C and E, also apply. *See* Supp. R. G(1).

526 ("[Claimant] . . . did not file a timely claim and therefore lacks statutory standing."); *United States v. Eng*, 951 F.2d 461, 468 (2d Cir. 1991) ("The filing of a verified claim is an essential element in establishing standing to challenge a forfeiture . . . ."), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996); *see also* Supp. R. G(8)(c)(i) (providing that "[a]t any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5)"). And because under Rule G(8)(b)(i) only a claimant with standing may move to dismiss a civil forfeiture action, the district court properly denied Julia's motion to dismiss. *See* Supp. R. G(8)(c)(ii) advisory committee's note to 2006 amendment ("A claimant who lacks standing is not entitled to challenge the forfeiture on the merits."); *see also Vazquez-Alvarez*, 760 F.3d at 197 ("Establishing standing in the context of a forfeiture action before considering the merits of a motion to dismiss simply makes sense: the defendant in such an action is the res, not the claimant.").

Accordingly, the critical issue on appeal is whether the district court abused its discretion in denying Dominguez leave to file a verified notice of claim *nunc pro tunc*. *See United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) ("[A] court has discretion in appropriate circumstances to depart from the strict compliance standard" embodied by Rule G(5)). We hold it did not. Dominguez offers no compelling explanation for why her counsel failed to file a claim by the deadline for doing so. When the Claimants did finally file a claim months after the deadline for doing so had lapsed, it was unverified and thus not compliant with Rule G(5). It was only once the government advised the district court of its intention to move to strike — about a year after it had served its Complaint — that Dominguez moved for leave to file a verified claim. Moreover, Dominguez failed to answer the Complaint as required by Rule G(5)(b), never sought an extension of time to do so, and has not offered any explanation for her noncompliance with Rule

4

G in this regard. As the district court observed, "there is no indication that Dominguez has been pursuing her rights diligently in this action." Joint App. 180.

The Claimants point to various factors in an effort to demonstrate that the district court abused its discretion — such as the fact that the Claimants do not reside in the United States and the fact that there is no suggestion that they might be attempting to file a false claim.[2] But while these factors might support the notion that it would have been reasonable for the district court to grant Dominguez's motion, they do nothing to establish that the district court abused its discretion. Indeed, a critical purpose of Rule G is that "it forces claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007) (internal quotation marks omitted). That purpose would be thwarted if claimants came to view the strictures of Rule G as mere suggestions rather than as rules that will presumptively be enforced. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003) ("[T]he legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced — where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar."). The district court did not abuse its discretion, under the circumstances of this case, in declining to excuse Dominguez's noncompliance with Rule G.

---

[2] The Claimants also argue that Dominguez's motion should be granted because the Complaint is deficient in their view. But, as explained above, the Claimants have no standing to challenge the Complaint and their arguments as to its sufficiency are thus not properly before the Court.

We have considered all of the Claimants' arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK