14-2579-cv
United States v. $10,300

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of May, two thousand seventeen.

PRESENT:   BARRINGTON D. PARKER,
                      RICHARD C. WESLEY,
                      CHRISTOPHER F. DRONEY,
                                *Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                      *Plaintiff-Appellee*,

            v.                                                                  No. 14-2579-cv

THOMAS CONOLLY,
                      *Claimant-Appellant*,

$10,300.00 United States Currency, and the Monies and Contents of ESL Federal Credit Union Account #71705-13012 in the Name of Thomas Conolly and in the approximate amount of $15,232.00,
                      *Defendant.*

FOR CLAIMANT-APPELLANT:        DONALD M. THOMPSON, Easton Thompson Kasperek Shiffrin, LLP, Rochester, NY.

FOR PLAINTIFF-APPELLEE:        GRACE M. CARDUCCI, Assistant United States Attorney (Joseph J. Karaszewski, *on the brief*), *for* James P. Kennedy, Jr.,

1

Acting United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a September 29, 2015 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Claimant-Appellant Thomas Conolly appeals from a judgment granting the Government's motion for default judgment in its civil forfeiture action. On March 2, 2010, the Government filed a verified complaint for forfeiture of the sum of $10,300 in United States currency and the contents of a bank account ($15,232) in Conolly's name in the United States District Court for the Western District of New York. The district court complaint was based on the seizure of the currency and contents of the bank account as unlawfully obtained or intended to be used unlawfully under 18 U.S.C. § 881(a)(6). The seizure was the result of a search warrant executed on Conolly's residence, obtained after Conolly and another man were caught carrying large bags of freshly-cut marijuana by law enforcement officers.

Prior to the Government's filing of the verified complaint for forfeiture in the district court, the Drug Enforcement Administration ("DEA") issued Conolly two "Notices of Seizure" for administrative forfeiture of the currency and the bank account. In response, Conolly filed two "Verified Claim[s] of Ownership" with the DEA, of which the DEA acknowledged receipt and notified Conolly that the "matter has been referred to the United States Attorney for the Civil Division" in the Western District of New York. Claimant-Appellant's App. 8, 10. The Government subsequently filed the complaint in the district court for forfeiture, and a corresponding notice was mailed to Conolly and published on the Government's forfeiture website.[1]

Under the terms of the notice, Conolly had until April 7, 2010 to file a judicial "claim" under Rule G(5)(a)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. If he failed to do so, the notice warned, "judgment by default will be filed for the relief demanded in the complaint." Claimant-Appellant's App. 21. Conolly did not file such a claim with the court, but instead filed an answer to the complaint on March 17, 2010. Throughout the proceedings in this case, Conolly has continually asserted that his administrative claims filed with the DEA sufficed.[2] The

---

[1] As a result of the forfeiture proceeding initiated in the district court, the administrative forfeiture was not separately pursued. *See* 28 C.F.R. 8.10(e); Claimant-Appellant's App. 8, 10.

[2] In July 2013, Conolly did request the district court's leave to file an untimely claim if the court rejected his argument regarding notice filed with the DEA in a letter to the court. *See* Claimant-Appellant's App.

2

Government repeatedly filed motions for default judgment, ultimately granted in September 2015.

The district court noted in a written ruling granting default judgment that Conolly lacked standing to present pleadings to the district court without first filing a claim under Supplemental Rule G(5) and that he had presented no evidence of excusable neglect, meritorious defense, or that his default was not willful. Conolly then moved this Court on October 13, 2015 to reinstate his prior appeal[3] of the denial of default entry under Rule 55(c) and the granting of the Government's motion for default.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . , the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). After this non-discretionary default is entered by the clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). These criteria are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). We review the district court's denial of a motion to vacate the entry of default or default judgment for an abuse of discretion. *See id.*

Supplemental Federal Rule of Civil Procedure G governs forfeiture actions. *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014). Any "person who asserts an interest" in the property that is the subject of a forfeiture action "may contest the forfeiture by filing a claim in the court where the action is pending." Fed. R. Civ. P. G(5)(a)(i). Filing the claim under Rule G(5) confers statutory standing under 18 U.S.C. § 983(a)(4)(A), which states that "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims" within thirty days of service of the Government's complaint, or within 30 days after the publication of the notice of the filing of the complaint. 18 U.S.C. § 983(a)(4)(A). A person seeking to challenge forfeiture therefore lacks statutory standing if he or she has not filed a claim pursuant to Rule G(5). *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999); *see also Vazquez-Alvarez*, 760 F.3d at 197.

---

58. The district court did not expressly grant him such leave and Conolly did not file a claim. *See* Claimant-Appellant's App. 68.

[3] Originally, Conolly appealed the entry of default entered by the clerk of court in December 2013. The parties then jointly moved this Court to stay the case and remand the matter to the district court as the entry of default was not an appealable final judgment. On January 28, 2015, this Court dismissed the appeal without prejudice and the case returned to district court. It is this appeal that Conolly now renews.

3

The district court did not abuse its discretion in denying the motion to vacate the entry of default or in granting the Government's motion for default judgment. The district court's determination that a default was willful is a factual conclusion that we review for clear error. *See New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005). The district court found that Conolly's default was willful in large part because he was on notice throughout these proceedings that he was required under the Supplemental Rules of Civil Procedure to file a claim pursuant to Rule G(5). As this Court has noted, "strict compliance" with Supplemental Rules regarding forfeiture "is typically required." *Cambio Exacto, S.A.*, 166 F.3d at 529 (alteration omitted). This Court finds no clear error in the district court's finding of willfulness in Conolly's default given his repeated assertions that he did not need to file a Rule G(5) claim and his continued refusal to file one, his July 2013 letter notwithstanding.

These findings of the district court also support a conclusion that Conolly lacks a meritorious defense to the claim underlying the default judgment, as he never established standing to challenge the underlying forfeiture claim. In response, Conolly asserts that he filed a claim with the DEA that put the government on notice of his ownership interest sufficient to establish standing and avoid any prejudice to the government. Filing a notice with the DEA in response to a notice filed by that agency, however, is insufficient to satisfy standing in district court under the plain terms of Supplemental Rule G(5). Conolly's claims could therefore not be adjudicated on the merits and so he necessarily lacks a meritorious defense.

Finally, the district court did not err in making a factual finding that Conolly had not shown excusable neglect. Federal Rule of Civil Procedure 60(b) allows a district court to vacate a default judgment if the party can show, among other causes, "excusable neglect." Fed. R. Civ. P. 60(b)(1). In general, excusable neglect does not include a failure to abide by court rules that are "entirely clear." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003). While Conolly has not appealed a Rule 60(b) decision as he did not file a motion to vacate the judgment under that Rule, the district court did rely on the excusable neglect standard in its default judgment ruling. We agree with the district court that even if Conolly's March 2015 motion was construed as "the equivalent of filing a judicial claim" Conolly cannot receive the benefit of vacatur of the judgment due to excusable neglect. Supp'l App. 62. His failure, over the course of many years and motions, to abide by the plain language of Supplemental Rule G and the notice provided to him by the Government, is not excusable.

4

For the foregoing reasons, we conclude that Conolly has not shown any valid reason why the default judgment should not remain in place. We have considered Conolly's remaining arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court