**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7167**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMIAH WILKES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00048-JFA-1; 3:14-cr-00049-JFA-1)

Submitted: December 20, 2019                           Decided: March 6, 2020
                              Amended: March 31, 2020

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jeremiah Wilkes, Appellant Pro Se. Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah Wilkes appeals from the district court's orders denying his motion to reduce his revocation prison sentence and his motion for reconsideration. We vacate and remand for further proceedings.

Wilkes pled guilty in the United States District Court for the Southern District of Florida to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (b)(2) (2018), aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2018), and uttering counterfeited obligations of the United States with intent to defraud, in violation of 18 U.S.C. § 471 (2018), and was sentenced to 30 months in prison and 3 years of supervised release. After Wilkes' supervision commenced, that supervision and jurisdiction over the supervised release term were transferred to the United States District Court for the District of South Carolina, the district court below. In August 2015, the district court revoked Wilkes' supervised release and sentenced him to 8 months in prison and 2 years of supervised release. In January 2018, the district court again revoked Wilkes' supervised release and sentenced him to 36 months in prison.

Wilkes did not appeal from or file a 28 U.S.C. § 2255 (2018) motion challenging the January 2018 judgment revoking his release and imposing the 36-month prison term. Rather, invoking 18 U.S.C. § 3583(e)(3) (2018), Wilkes—a federal prisoner proceeding pro se—filed a self-styled motion to reduce his revocation prison sentence, challenging the method by which the district court achieved the term and arguing that it exceeded the applicable statutory maximum. The district court denied the motion. Less than 28 days later, Wilkes, invoking Fed. R. Civ. P. 59(e), moved for reconsideration. The district court

2

denied this motion. Wilkes appeals, raising arguments challenging his 36-month prison term similar to those he raised in the district court and asserting he is entitled to vacatur of that sentence.

Courts must liberally construe the pleadings filed by pro se litigants like Wilkes, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), and it is the substance of those pleadings, rather than their labels, that is determinative, *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Wilkes' motions for sentence reduction and reconsideration raised direct attacks on the legality of his 36-month prison term embodied in the district court's January 2018 revocation judgment and thus amounted to a 28 U.S.C. § 2255 motion and a Rule 59(e) motion to alter or amend judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470-71 n.4 (4th Cir. 2011); *Winestock*, 340 F.3d at 207. Although the district court properly characterized the reconsideration motion as a Rule 59(e) motion, given that there was no procedural impediment to construing the sentence reduction motion as arising under § 2255, the district court should have construed the motion as an initial § 2255 motion. *See Gonzalez*, 545 U.S. at 531-32; *Winestock*, 340 F.3d at 207. We therefore grant Wilkes' motion to supplement his informal brief, vacate the district court's orders, and remand for further proceedings. On remand, the district court should advise Wilkes of its intent to recharacterize the motion as a § 2255 motion, inform him of the consequences that the recharacterization will have on subsequent § 2255 motions, and provide him with an opportunity to withdraw or amend the motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).

3

We deny Wilkes' motion to expedite decision and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*