**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1309**

DAVID LEE CALDWELL,

        Plaintiff - Appellant,

        v.

U.S. DEPARTMENT OF EDUCATION, Default Resolution Group,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:19-cv-01366-PX)

Submitted:  June 30, 2020                     Decided:  August 18, 2020

Before AGEE, FLOYD, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

David Lee Caldwell, Appellant Pro Se.  Patrick Garrett Selwood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Caldwell appeals from the district court's order dismissing his 20 U.S.C. § 1080 (2018) action pursuant to the entry of a Rule 111 settlement order. We vacate and remand for further proceedings.

In his complaint, Caldwell alleged misconduct against the United States Department of Education for garnishing funds from his retirement and social security benefits and applying those funds towards outstanding federal student loan debt held by the department. As settlement appeared likely, the district court referred Caldwell's case to a magistrate judge for settlement and subsequently entered an order that stated that a settlement had been reached and subsequently dismissed with prejudice Caldwell's civil action. The order permitted Caldwell to "move for good cause within 30 days to reopen [his] action if settlement [was] not consummated." On March 16, 2020, Caldwell filed a document that the district court construed as a notice of appeal.

Courts must liberally construe the pleadings filed by pro se litigants like Caldwell, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), and it is the substance of those pleadings, rather than their labels, that is determinative, *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (construing post-trial motion for reconsideration as successive 28 U.S.C. § 2255 motion and noting that courts' responsibility not to allow prisoners to circumvent rules limiting review of successive applications for collateral review "comports with the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

Caldwell's March 16, 2020 notice of appeal was also filed within the 30-day window to reopen his action and specifically raised the settlement conference, damages he sought, and additional allegations arising from the settlement conference. As such, his notice of appeal amounted to an objection of the Rule 111 settlement order.

We deny Caldwell's motion to stay the proceedings, deny his motion for payment of the settlement, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*