**Fred E. CHRISTIAN, Appellant,**

v.

**Curtis C. CRAWFORD, Appellee.**

**No. 90–1428.**

United States Court of Appeals, Eighth Circuit.

Submitted June 5, 1990.

Decided July 3, 1990.

Fred E. Christian, Terre Haute, Ind., for appellant.

No appearance for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Fred E. Christian appeals from a final order entered in the District Court for the Eastern District of Missouri,[1] dismissing his civil rights complaint without prejudice for failure to state a claim upon which relief could be granted. For reversal, Christian argues that the district court erred in (1) holding that an attorney appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, is not a federal official for purposes of an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (*Bivens*), (2) refusing to grant him leave to amend his complaint, and (3) dismissing his pro se complaint without construing it liberally to determine if its allegations provide for relief under any possible theory. For the reasons discussed below, we affirm the order of the district court.

Christian alleges the following facts in support of his complaint. Defendant Curtis C. Crawford was appointed by the district court pursuant to Fed.R.Crim.P. 44 to represent Christian in the direct appeal of his federal criminal convictions for mail fraud, Social Security fraud, and making a false statement to the Internal Revenue Service. Crawford did not represent Christian in the criminal trial, and allegedly informed the district court that he did not want to represent Christian on appeal. Thereafter, Crawford allegedly advised Christian and his brother that he needed funds to litigate the appeal and secure Christian's release on bail. According to Christian, his brother gave Crawford a cashier's check for $1500 in partial payment of the funds requested. Four months after the alleged payment of this money, Crawford had done nothing to secure Christian's release. Christian further alleges that Crawford failed to learn the facts of his case and filed an appellate brief which recited large portions of a federal appellate court opinion verbatim. Christian also claims that Crawford refused to file a reply brief and failed to file a petition for a writ of certiorari in the United States Supreme Court after his convictions were affirmed, despite the fact that Crawford had assured Christian and his family that he had done so.

While incarcerated in the United States Prison at Terre Haute, Indiana, Christian filed this 42 U.S.C. § 1983 action in federal district court against Crawford, alleging that Crawford had acted under color of federal law because he was appointed to represent him under the Criminal Justice Act. Christian alleged that Crawford's acts and omissions violated his sixth amendment right to the effective assistance of counsel, and sought relief in the form of a declaratory judgment that Crawford's actions had violated his constitutional rights, $1500 in compensatory damages for the amount allegedly paid to Crawford, and punitive damages in the amount of $50,000.

The district court referred the action to a United States Magistrate,[2] who recommended that Christian be allowed to proceed in forma pauperis, but that his complaint be dismissed as frivolous under 28 U.S.C. § 1915(d) because the conduct of counsel does not constitute action under color of state law for purposes of a section 1983 violation. Christian filed objections to the Magistrate's report and recommendation, sought leave to amend his complaint to invoke jurisdiction under *Bivens*, and requested the appointment of counsel. The district court adopted the magistrate's recommendation and dismissed Christian's section 1983 complaint without prejudice because the conduct of appointed counsel in representing Christian does not constitute action under color of state law. The district court then denied Christian's request for leave to amend his complaint to invoke jurisdiction under *Bivens* because attorneys do not become federal officials by the fact that they are appointed by a federal court to represent a litigant. The district

---

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

2. The Honorable Robert D. Kingsland, United States Magistrate for the Eastern District of Missouri.

court also denied Christian's request for the appointment of counsel. This appeal followed.

We first address whether an attorney appointed to represent a criminal defendant pursuant to a federal statute is a federal official for purposes of a *Bivens* action. In *Bivens*, the Supreme Court held that damage suits could be maintained against federal officials for violations of the Constitution. 403 U.S. at 392, 91 S.Ct. at 2002–03. An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials. *See Carlson v. Green*, 446 U.S. 14, 24–25, 100 S.Ct. 1468, 1474–75, 64 L.Ed.2d 15 (1980); *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 2909–10, 57 L.Ed.2d 895 (1978). "[T]his circuit has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law." *White v. Bloom*, 621 F.2d 276, 281 (8th Cir.), *cert. denied*, 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980); *see Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir.1974) (per curiam). Similarly, attorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir.1982) (attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or *Bivens*). We are mindful of our obligation to construe pro se complaints liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), but hold that Christian has failed to state a claim

for relief under *Bivens* even assuming he has adequately pleaded such an action.

Accordingly. the order of the district court is affirmed.[3]

---

3. We note that Christian may not be left without a remedy for the alleged ineffective assistance of counsel. The appropriate avenue to raise an ineffective assistance of counsel claim is by way of a petition for writ of habeas corpus. Christian noted in his brief on appeal that he currently has pending a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Presumably, Christian's contentions will be addressed by the district court when it rules on his section 2255 motion. We also note that the district court, by dismissing Christian's complaint without prejudice, has left open the opportunity for him to pursue a claim based on state tort law against Crawford. *See Ferri v. Ackerman*, 444 U.S. 193, 204 n. 21, 100 S.Ct. 402, 409 n. 21, 62 L.Ed.2d 355 (1979).