_____

No. 96-4236
_____

Wardell Washington,            *
                               *
          Appellant,           *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  Western District of Arkansas.
Travis K. Sorrows,             *        [UNPUBLISHED]
                               *
          Appellee.            *

_____

     Submitted:  February 18, 1997

          Filed:  February 21, 1997
_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Wardell Washington, a federal prisoner, appeals the district court's[1]
dismissal of his Bivens[2] action.  We affirm.


     Washington filed this action seeking damages from Federal Bureau of
Investigation (FBI) Agent Travis Sorrows, claiming that in connection with
his arrest and conviction for bank fraud Sorrows called him a racially
derogatory name, threatened him, tricked him into consenting to a search,
persuaded the government to file false charges, and persuaded witnesses to
testify falsely at trial.  He did not claim that his criminal conviction
had been invalidated.


     We conclude that Washington cannot maintain this Bivens action,
because a judgment in his favor would necessarily imply the

_____

     The Honorable Harry F. Barnes, United States District Judge
for the Western District of Arkansas.

     Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

invalidity of his criminal conviction.  See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (individual seeking damages for an unconstitutional conviction under 42 U.S.C. § 1983 must show conviction has been invalidated or otherwise set aside).  Although <u>Heck</u> addressed an action brought under 42 U.S.C. § 1983, the Court's rationale did not rest on any consideration unique to section 1983, and <u>Bivens</u> is "the federal law analogous to § 1983."  <u>Vennes v. An Unknown Number of Unidentified Agents</u>, 26 F.3d 1448, 1452 (8th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 721 (1995); <u>Christian v. Crawford</u>, 907 F.2d 808, 810 (8th Cir. 1990) (per curiam) ("An action under <u>Bivens</u> is almost identical to an action under section 1983, except that the former is maintained against federal officials, while the latter is against state officials."); <u>see also</u> <u>Martin v. Sias</u>, 88 F.3d 774, 774 (9th Cir. 1996) (collecting cases from other circuits applying <u>Heck</u> to <u>Bivens</u> actions).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.