107 F.3d 876
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Wardell WASHINGTON, Appellant,
v.
Travis K. SORROWS, Appellee.
 No. 96-4236.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 18, 1997.
Filed Feb. 21, 1997.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wardell Washington, a federal prisoner, appeals the district court's[1] dismissal of his Bivens[2] action. We affirm.
 
 
 2
 Washington filed this action seeking damages from Federal Bureau of Investigation (FBI) Agent Travis Sorrows, claiming that in connection with his arrest and conviction for bank fraud Sorrows called him a racially derogatory name, threatened him, tricked him into consenting to a search, persuaded the government to file false charges, and persuaded witnesses to testify falsely at trial. He did not claim that his criminal conviction had been invalidated.
 
 
 3
 We conclude that Washington cannot maintain this Bivens action, because a judgment in his favor would necessarily imply the invalidity of his criminal conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (individual seeking damages for an unconstitutional conviction under 42 U.S.C. § 1983 must show conviction has been invalidated or otherwise set aside). Although Heck addressed an action brought under 42 U.S.C. § 1983, the Court's rationale did not rest on any consideration unique to section 1983, and Bivens is "the federal law analogous to § 1983." Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1452 (8th Cir.1994), cert. denied, 115 S.Ct. 721 (1995); Christian v. Crawford, 907 F.2d 808, 810 (8th Cir.1990) (per curiam) ("An action under Bivens is almost identical to an action under section 1983, except that the former is maintained against federal officials, while the latter is against state officials."); see also Martin v. Sias, 88 F.3d 774, 774 (9th Cir.1996) (collecting cases from other circuits applying Heck to Bivens actions).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas
 
 
 [2]
 Bivens v. Six Unknown Agents, 403 U.S. 388 (1971)