**Leon STAMPER, Jr., Plaintiff–Appellant,**

v.

**Patrick J. BOULDIN;  Kent Wicker; Edward H. Johnstone, Defendants–Appellees.**

No. 02–5282.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

*ORDER*

Leon Stamper, Jr., a Kentucky prisoner proceeding pro se, appeals from a district court order dismissing his civil rights action brought pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and moves for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At the time the complaint was filed, Stamper was incarcerated at the Federal Medical Center in Springfield, Missouri, and was in the process of being prosecuted on federal criminal charges in the Western District of Kentucky. The complaint names the following three defendants: Patrick J. Bouldin, court-appointed counsel for Stamper in the federal criminal action against him;  Kent Wicker, Assistant United States Attorney, the prosecutor in the federal criminal action against Stamper;  and the Honorable Edward Johnstone, the federal judge before whom the criminal action was pending against Stamper. Stamper fails to state in what capacity he is suing the defendants. The background facts underlying Stamper's claims are set forth in the district court's memorandum opinion entered February 19, 2002, and will not be repeated herein. Suffice it to say that Stamper claims that the defendants have violated his constitutional right to due process. He seeks injunctive, declaratory, and monetary relief. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. This timely appeal followed.

This court reviews de novo a judgment dismissing a suit as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A suit may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). The district court may dismiss a complaint for failure to state a claim on which relief may be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

Upon review, we conclude that Stamper's complaint was properly dismissed for the reasons stated by the district court. First, sovereign immunity bars the claims against defendants Johnstone and Wicker for monetary damages. *See Wells v. Brown,* 891 F.2d 591, 593 (6th Cir.1989); *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Second, the claims against defendant Johnstone were properly dismissed inasmuch as defendant Johnstone is clearly entitled to immunity. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 360, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Third, the majority of the claims against defendant Wicker are barred by prosecutorial immunity. *See Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Fourth, the claims against defendant Bouldin were properly dismissed because an attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action. *See Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir.1990); *Cox v. Hellerstein,* 685 F.2d 1098, 1099 (9th Cir.1982). Finally, Stamper cannot maintain his civil rights action, whether brought under § 1983 or *Bivens,* where the resolution of the claims could imply the invalidity of his conviction, until he first seeks and obtains relief from his conviction under 28 U.S.C. § 2255. *See Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995); *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir.1994).

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by

Accordingly, the motion for counsel is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.