**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6722**

JEFFREY COHEN,

                    Plaintiff - Appellant,

          v.

BRENDAN A. HURSON, Federal Public Defender; DEBORAH L.
BOARDMAN, Federal Public Defender; JAMES WYDA, Federal
Public Defender,

                    Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Ellen L. Hollander, District Judge.
(1:15-cv-00986-ELH)

Submitted: November 25, 2015      Decided: December 3, 2015

Before NIEMEYER and DIAZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Jeffrey Cohen, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Cohen appeals the district court's order dismissing his civil action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) (2012) and 28 U.S.C. § 1915A(b)(1), (2) (2012), and designating the dismissal as a strike for purposes of 28 U.S.C. § 1915(g) (2012). For the reasons that follow, we affirm the district court's judgment as modified.

A federal court is required to dismiss an action brought in forma pauperis at any time it determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (2012); see 28 U.S.C. § 1915A(b) (2012). We review the dismissal of a complaint as frivolous for abuse of discretion. Nagy v. FMC Butner, 376 F.3d 252, 254 (4th Cir. 2004). We review questions of subject matter jurisdiction de novo. Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014).

Cohen first argues that the district court improperly construed his action as asserting a civil rights claim pursuant to 42 U.S.C. § 1983 (2012). While Cohen's constitutional claim alleging ineffective assistance by his federal public defenders is more appropriately construed as seeking relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403

U.S. 388, 397 (1971), we find no abuse of discretion in the district court's dismissal of this claim as frivolous. See Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990) (per curiam); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982).

Construing Cohen's appellate pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), he next challenges the court's dismissal of his complaint, to the extent it raised a state law legal malpractice claim, for lack of diversity jurisdiction. District courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a) (2012). Because Cohen did not include in his complaint any allegations relevant to his citizenship, he did not meet his obligation to allege facts sufficient to establish subject matter jurisdiction, and his state law claim was properly dismissed. See Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999). However, the record also provides no basis from which to affirmatively conclude that the parties lacked diversity of citizenship. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247-48 (3d Cir. 2013) (holding that, generally, prisoner presumptively retains his prior citizenship for purposes of diversity jurisdiction). Because Cohen's state law claim was properly dismissed for failure to

plead facts establishing subject matter jurisdiction, that dismissal "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (hereinafter "Broadlands").

Cohen also contends that the district court erred in dismissing his action as frivolous and assessing a PLRA strike against him on that basis. An action is properly dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While the district court properly dismissed Cohen's constitutional claim as frivolous, the district court's "alternative holdings on the merits assertedly supporting its dismissal" of Cohen's state law claim "were beyond the power of the district court." Broadlands, 713 F.3d at 185 n.4; see also United States v. Wilson, 699 F.3d 789, 793 (4th Cir. 2012) ("[N]o other matter can be decided without subject matter jurisdiction."). Moreover, neither a dismissal without prejudice nor a dismissal for lack of subject matter jurisdiction counts as a strike under § 1915(g). See Moore v. Maricopa Cty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011) (lack of subject matter jurisdiction); McLean v. United States, 566 F.3d 391, 397 (4th Cir. 2009) (dismissal without prejudice). Because only part of

4

Cohen's action was subject to dismissal on a ground enumerated under § 1915(g), the dismissal does not count as a strike. See Tolbert v. Stevenson, 635 F.3d 646, 651 (4th Cir. 2011).

Accordingly, we affirm the district court's judgment dismissing Cohen's action. However, we modify the judgment to reflect that Cohen's putative state law claim for legal malpractice is dismissed without prejudice for lack of subject matter jurisdiction, and that the dismissal order is not a strike under § 1915(g). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED