**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1013
_____

QUINTEZ TALLEY,
                                        Appellant

v.

PUSHKALAI PILLAI, Psychiatrist, SCI Greene;
PA. DEPARTMENT OF CORRECTIONS; U/K MHM1;
JOHN E. WETZEL; CAPTAIN SHREDDER;
LT. MORRIS; U/K DEFENDANTS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-18-cv-1060)
District Judge: Honorable Cynthia R. Eddy
_____

Argued on May 20, 2024

Before: RESTREPO, FREEMAN, and MCKEE, *Circuit Judges*

(Opinion filed: September 6, 2024)

Quintez Talley
Camp Hill SCI
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA

    *Pro Se Appellant*

Natasha R. Khan  [**Argued**]
Regina Wang
Brian S. Wolfman
Alyssa Greenstein
Ender McDuff
Tae Min Kim
Andrea Ojeda
Tate Rosenblatt
Carly Sullivan
Georgetown University Law Center
Appellate Courts Immersion Clinic
600 New Jersey Avenue, Suite 312
Washington, D.C. 20001

    *Court-Appointed Amicus Curiae*

Cassidy L. Neal  [**Argued**]
Frank X. Petrini, III
Baum O'Connor Cullen Chmiel
912 Fort Duquesne Boulevard
Pittsburgh, PA 15222

    *Counsel for Appellee Pushkalai Pillai*

Michael J. Scarinci  [**Argued**]
Office of the Attorney General of Pennsylvania
Strawberry Square, 15th Floor
Harrisburg, PA 17120

Daniel B. Mullen
Office of the Attorney General of Pennsylvania
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222

    *Counsel for Appellees PA Department of Corrections,*
    *John E. Wetzel, Captain Shredder, and*
    *Lieutenant Morris*

_____

**OPINION OF THE COURT**
_____

**FREEMAN**, *Circuit Judge*.

Appellant Quintez Talley seeks *in forma pauperis* (IFP) status, which would enable him to proceed in this appeal without prepaying his filing fees. Appellees contend that the "three strikes" provision of the Prison Litigation Reform Act (PLRA) bars Talley from proceeding IFP. Under that provision, a prisoner accrues a "strike" when, on a "prior occasion[]," the prisoner brought an "action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Appellees contend that decisions in three of Talley's cases constitute strikes that were in effect when he filed his notice of appeal. As discussed below, only one of

those decisions qualifies as a strike, so we will grant Talley's motion to proceed IFP.

# I

Litigants who cannot afford to prepay the full cost of court fees may move to proceed IFP. 28 U.S.C. § 1915(a)(1). Incarcerated plaintiffs who proceed IFP must still pay the fees, but they may do so in increments over the course of the litigation. *Id.* § 1915(b). The PLRA, however, imposes special restrictions on prisoners who seek IFP status. Under the statute's "three strikes" provision, a prisoner is prohibited from proceeding IFP if, on three or more prior occasions while incarcerated, he has had a lawsuit "dismissed" for being "frivolous, malicious, or fail[ing] to state a claim." *Id.* § 1915(g). The only exception to this rule is if the plaintiff is "under imminent danger of serious physical injury." *Id.*[1]

In order for a dismissal to qualify as a strike, "the entire action or appeal" must have been dismissed on one of the three enumerated § 1915(g) grounds. *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Therefore, a "mixed dismissal"— where some claims were dismissed on enumerated grounds but the remaining claims were dismissed on other grounds—does not count as a strike. *Talley v. Wetzel*, 15 F.4th 275, 280 (3d Cir. 2021).

---

[1] After Talley appealed the instant case, he moved to invoke the imminent danger exception. Because that exception comes into play only if a litigant has accrued three strikes, and because Talley has only accrued one, we will deny the imminent danger motion as moot.

**II**[2]

Talley is a frequent litigant in the federal courts. From among his various civil actions, appellees have identified three potential strikes relevant to this appeal:[3]

1. *Talley v. Pillai*, No. 18-cv-1060, 2019 WL 6701346 (W.D. Pa. Dec. 9, 2019) ("*Pillai*"), the instant case, where the District Court dismissed a Pennsylvania medical malpractice claim for failure to comply with state procedural rules and dismissed the remaining claims on other grounds;

2. *Talley v. Pennsylvania Department of Corrections*, No. 18-cv-5087, 2018 WL 6571426 (E.D. Pa. Dec. 12, 2018) ("*DOC I*"), where the District Court dismissed the entire action for failure to state a claim, granted leave to amend within thirty days, and did not receive Talley's amended complaint until after the deadline passed; and

3. *Talley v. Pennsylvania Department of Corrections*, No. 19-cv-1687, 2019 WL 6050744 (E.D. Pa., Nov. 14, 2019) ("*DOC II*"), where the District Court dismissed each claim for failure to state a claim but

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] Because the PLRA speaks of "prior" dismissals, we only count strikes accrued before the date of the notice of appeal. *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 153 (3d Cir. 2017).

provided alternative reasoning (failure to comply with state procedural rules) for dismissing the medical malpractice claim.

We appointed amicus counsel to address all three potential strikes.[4] We exercise "plenary review with respect to the proper interpretation of the PLRA and its three strikes rule." *Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020) (citation omitted).

**A**

We begin with Pillai. Talley brought claims against various defendants for violations of state and federal law arising from events in a state prison. The parties agree that the District Court dismissed the sole federal claim for failure to state a claim, which is indisputably a strike-qualifying ground. However, as relevant here, the Court dismissed Talley's medical malpractice claim for failure to comply with a Pennsylvania procedural rule. That was not a dismissal on a ground enumerated by the PLRA's three-strikes provision. Because the entire action was not dismissed on strike-qualifying grounds, Pillai does not constitute a strike. See Byrd, 715 F.3d at 126; Wetzel, 15 F.4th at 280.

1

In August 2016, Talley was on suicide watch in a psychiatric observation cell (POC) at Pennsylvania's State

---

[4] Amicus counsel—the faculty and students of Georgetown University Law Center's Appellate Courts Immersion Clinic—have fulfilled their charge admirably, and we thank them for their assistance.

6

Correctional Institution (SCI) at Greene.[5] Because "his ongoing solitary confinement was causing him to suffer major depression," he requested a transfer to the Mental Health Unit. J.A. 11. The prison's psychiatrist, Dr. Pushkalai Pillai, denied the transfer request and told Talley that if he continued to be suicidal, she would move him to the Restricted Housing Unit (RHU)—a unit not designed for suicidal inmates. Pillai subsequently directed corrections officers to relocate Talley to a camera-equipped cell in the RHU. Talley initially refused to leave the POC and complained to an officer that Pillai was punishing him for reporting his suicidality. He eventually acquiesced to the move after officers threatened to forcibly extract him.

In August 2018, Talley sued Pillai and various prison employees. Among other claims, he asserted that Pillai was liable for medical malpractice under Pennsylvania law.

2

Under Pennsylvania's Rules of Civil Procedure, medical malpractice plaintiffs must submit a certificate of merit (COM) "with the complaint or within sixty days after" filing the complaint. 231 Pa.R.Civ.P. 1042.3(a). The COM must either state that a licensed medical professional sees merit in the claim or that expert testimony from a licensed professional is unnecessary to prosecute the claim. *Id.* Because Talley did not submit a COM, Pillai filed a notice of her intention to seek a judgment on that basis in January 2019.

---

[5] We recount the facts of each case as alleged in Talley's complaints.

*See id.* 1042.6(a). Talley then had thirty additional days to file a COM, *see id.* 1042.7(a)(4), but he failed to do so.

In her motion to dismiss, Pillai argued that Talley's medical malpractice claim should be "dismissed due to his failure to file [a] certificate of merit." J.A. 47. Talley opposed the motion by asserting that expert testimony was unnecessary to prosecute the malpractice claim. The District Court held that Talley's belated assertion did not comply with the COM rule: his "failure to provide the requisite certificate as required by Rule 1042.3 [therefore] require[d] [the claim's] dismissal." *Pillai*, 2019 WL 6701346, at *6.

Amicus contends that this dismissal was not for failure to state a claim because it did not discuss the claim's factual sufficiency and required that the District Court look beyond the pleadings. We agree.

A complaint is properly dismissed for failing to state a claim "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The District Court never determined that Talley's complaint failed to state a medical malpractice claim. Instead, its dismissal was based solely on the lack of a COM. A COM, however, is not part of the complaint or its allegations.

In *Chamberlain v. Giampapa*, we examined a New Jersey malpractice rule that is nearly identical to Pennsylvania's COM rule. 210 F.3d 154 (3d Cir. 2000). We held that the required affidavit of merit "is not a pleading, is

8

not filed until after the pleadings are closed, and does not contain a statement of the factual basis for the claim." *Id.* at 160. Thus, its absence did not "render[] pleadings insufficient that would otherwise be sufficient." *Id.* We reached this conclusion despite the state statute's stipulation that a failure to submit an affidavit "shall be deemed a failure to state a cause of action." *Id.* (quoting N.J. Stat. Ann. § 2A:53A–29).

We later applied *Chamberlain*'s holding to Pennsylvania's COM rule, emphasizing that the COM "does not have any 'effect on what is included in the pleadings of a case or the specificity thereof.'" *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 263 (3d Cir. 2011) (quoting *Chamberlain*, 210 F.3d at 160). Therefore, failing to file a COM "can form the basis for a motion for summary judgment" but it cannot form the basis for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Schmigel v. Uchal*, 800 F.3d 113, 122 (3d Cir. 2015).[6]

---

[6] Appellees argue that a COM "amounts to a pleading," Dep't of Corr. Br. 31, but if that were true, it would conflict with Rule 8 of the Federal Rules of Civil Procedure by heightening pleading standards for Pennsylvania medical malpractice claims. *See Chamberlain*, 210 F.3d at 159–60. As a result, federal courts sitting in diversity would be required to disregard the COM rule. *Id.* at 159 (noting that the rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938)—that a federal court sitting in diversity must apply state substantive law and federal procedural law—"may not be 'invoked to void a Federal Rule' of Civil Procedure" (quoting *Hanna v. Plumer*, 380 U.S. 460, 470 (1965))).

Because a COM is not part of the pleadings, the District Court necessarily looked beyond the factual allegations to resolve Talley's malpractice claim for failure to file a COM.[7] The proper resolution in such situations is a grant of summary judgment based on the absence of extra-pleading material—not a dismissal on the pleadings for failure to state a plausible claim. Accordingly, Talley's malpractice claim was not resolved on a strike-accruing ground. And because a strike accrues only "if the entire action or appeal is . . . dismissed explicitly" on strike-accruing grounds, *Byrd*, 715 F.3d at 126, the dismissal of the *Pillai* complaint is not a PLRA strike.[8]

---

[7] In narrow circumstances, a court may rely on extra-pleading materials in a motion to dismiss when the extrinsic document is "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks and emphasis omitted). This exception, however, does not apply here because it requires that the claim actually be "'based' on an extrinsic document." *Id.*; *see Fallon v. Mercy Catholic Med. Ctr. of Se. Pa.*, 877 F.3d 487, 493 (3d Cir. 2017) (permitting the consideration of a full essay where the plaintiff quoted portions of it in his complaint); *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 168 n.2 (3d Cir. 2014) (permitting the consideration of contracts in a contract dispute case). A Pennsylvania malpractice claim is not "based" on a COM.

[8] Our role at this stage is to assess whether the District Court's dismissal in *Pillai* was on a statutorily enumerated ground. *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike

10

## B

We hold in the alternative that *DOC I* is not a strike.[9,10] The parties dispute whether a § 1915(g) dismissal with leave to amend generates a strike when the deadline to amend has passed but the District Court has not formally closed the case. It does not.

---

even if the dismissal is the subject of an appeal."). We hold that it was not, but we do not address the validity of the judgment. Indeed, upon merits review, this Court may affirm a district court's judgment on any basis supported by the record. *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019). We express no view on the merits of the *Pillai* appeal.

[9] Because *Pillai* is not a strike, Talley may proceed with IFP status for the instant appeal. But Talley has numerous additional matters pending in the federal courts, including several appeals in this Court where Talley's IFP eligibility is disputed. We have stayed eleven of his appeals while we resolve this IFP motion, because the potential strikes in those appeals overlap with the potential strikes here. Further, counsel have briefed all three potential strikes and addressed them at oral argument. Therefore, in the interest of judicial economy, we proceed to consider the other two possible strikes.

[10] "We note that this portion of the opinion is an alternative holding, not a *dictum*: 'where a decision rests on two or more grounds, none can be relegated to the category of obiter dictum.'" *Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r*, 523 F.3d 140, 147 n.5 (3d Cir. 2008) (quoting *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949)).

1

In November 2018, while at SCI Graterford, Talley sued the Department of Corrections under 42 U.S.C. § 1983 and Title II of the ADA in relation to his conditions of confinement. In December 2018, the District Court dismissed the complaint for failure to state a claim but granted Talley leave to file an amended ADA claim within thirty days. Talley did not file an amended complaint by the deadline, and the Court closed the case in January 2019.

Talley filed a Rule 60(b) motion to reopen the case, explaining that he never received a copy of the dismissal order. The District Court granted the motion in November 2019. It permitted Talley another thirty days (until December 16, 2019) to file an amended complaint, but he again failed to do so before the deadline passed. This time, however, the Court did not issue an order closing the case anew. Therefore, when Talley filed his notice of appeal in *Pillai* on December 19, 2019, *DOC I* remained open.

2

In *Lomax v. Ortiz-Marquez*, the Supreme Court specified that the PLRA's three-strikes provision "does not apply when a court gives a plaintiff leave to amend his complaint" because "the suit continues." 140 S. Ct. 1721, 1724 n.4 (2020). In such situations, "the court's action falls outside of Section 1915(g) and no strike accrues." *Id.*; *see also Wetzel*, 15 F.4th at 282 (recognizing the *Lomax* "carveout" where "a strike is not called when the district court grants the prisoner leave to amend the complaint").

Here, the District Court's December 2018 dismissal of *DOC I* did not produce a strike because the Court permitted

12

Talley to amend his complaint. And the January 2019 closure of the case is a nullity because the Court vacated that order when it granted Talley's Rule 60(b) motion in November 2019. *See* Fed. R. Civ. P. 60(b) (explaining that the grant of Rule 60(b) motion "relieve[s] a party or its legal representative from a final judgment, order, or proceeding"). Once Talley's case was reopened, he fell back into the *Lomax* carveout: because the District Court permitted him to amend his complaint in *DOC I* and did not close the case before he filed his notice of appeal in *Pillai*, *DOC I* is not a strike for purposes of this IFP motion.

Appellees argue that, even without a formal closure of the case, Talley accrued a strike by failing to amend his complaint before the deadline. They rely on the Ninth Circuit's decision in *Harris v. Mangum*, which held that § 1915(g) dismissals with leave to amend count as strikes when the plaintiff does not amend within the time limit. 863 F.3d 1133, 1143 (9th Cir. 2017). But for each of the strikes analyzed in *Harris*, the district court had issued a formal order closing the case. *See id.* at 1141 (recounting that "Harris failed to file amended complaints within the time designated in the dismissal orders, and the district court then entered judgment against him in each case"); Judgment, *Harris v. Ariz. State Prison Health Servs.*, No. 03-cv-346 (D. Ariz. May 13, 2003); Judgment, *Harris v. Maricopa Cnty. Sheriff's Off.*, No. 09-cv-695 (D. Ariz. June 26, 2009); Order, *Harris v. Ariz. Dep't of Corr.*, No. 09-cv-841 (D. Ariz. Aug. 4, 2009); Judgment, *Harris v. Farrugia*, No. 09-cv-737 (D. Ariz. Sept. 8, 2009). The Court in *DOC I* did not issue any such order by the relevant date for strike-counting purposes—just three days after the amendment period expired. *See Parker*, 870 F.3d at

13

153. Without a formal closure, "the suit continues" and the docket remains open for filings. *Lomax*, 140 S. Ct. at 1724 n.4.

Appellees also point out that, while *DOC I* was pending on appeal, Talley reported that he had "informed the [District] Court that he wishes to stand on his original complaint." *Talley v. Pa. Dept. of Corr.*, No. 20-cv-2093 (3d Cir.), ECF No. 11 at 7. He made that statement to this Court in January 2021—over a year after the relevant date for strike-counting purposes, and over a year after he successfully obtained Rule 60(b) relief permitting him to file an amended complaint in *DOC I*. Appellees nonetheless contend that Talley's statement renders the District Court's dismissal of the complaint a final order under the "stand on the complaint" doctrine. But Talley took no action to stand on his complaint by December 19, 2019— the date when three-strikes status is measured. And even if he had, the "stand on the complaint" doctrine requires a plaintiff to show "a clear and unequivocal intent to decline amendment and immediately appeal." *Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019). The doctrine "cannot rescue the lack of a final order given [Talley's] ambiguous actions." *Id.*[11]

Finally, Appellees assert that conditioning strikes on the formal closure of cases will allow prisoners to file an "endless stream of frivolous in forma pauperis complaints" by foregoing the opportunity to amend. Dep't of Corr. Br. 43 (quoting

---

[11] Because Talley did not unequivocally stand on his complaint in *DOC I* before he filed his notice of appeal in *Pillai*, we need not address whether a dismissal without prejudice would become a final strike-producing order if an appellant effectively stood on his complaint before the relevant date for strike-counting purposes.

14

*Harris*, 863 F.3d at 1143). But prisoners are not often given the opportunity to amend their complaints (such as in *Pillai*). And even when they are, district courts can prevent this "endless stream" by closing lawsuits—whether upon request or by issuing self-executing orders. *See Weber*, 939 F.3d at 239–40 (discussing self-executing dismissal orders—i.e., non-final dismissal orders that provide express notice that they will ripen into final dismissal orders once the time to amend runs out).

In sum, because Talley was given leave to amend his complaint in *DOC I*, and because the case was not formally closed at the time he filed this appeal, *DOC I* is not a strike for the purposes of the present IFP motion.

## C

Lastly, we turn to *DOC II*. There, the District Court issued an "alternative grounds" dismissal—it relied upon both a § 1915 and non-§ 1915(g) ground. This amounts to a strike.

### 1

In January 2018, while at SCI Graterford, Talley told prison officials that he was suicidal, and the officials watched him swallow several foreign objects. *DOC II*, 2019 WL 6050744, at *1–2. Instead of providing him with medical or psychiatric treatment, officials placed him in a camera-monitored cell, restrained him, and left him there without recreational time or shower access for roughly two weeks. *Id.* at *2. When he complained that his restraints were too tight, a nurse tightened them further. *Id.* In April 2019, Talley sued under § 1983, the ADA, and the Rehabilitation Act. *Id.* He also brought state law claims, including one for medical malpractice. *Id.*

15

In November 2019, the District Court dismissed the action for failure to state a claim. *Id.* at *1. It discussed each claim in turn, explaining that Talley did not allege facts plausibly supporting an entitlement to relief. *Id.* at *4–10. As to the malpractice claim, the Court held that the "*de minimis* use of force applied by [the nurse] . . . d[id] not constitute . . . medical malpractice" and that Talley did not suffer the harm required for a malpractice claim. *Id.* at *8 n.74. It also observed that Talley "ha[d] [not] filed a certificate of merit in support of his medical malpractice claim as required by Pennsylvania Rule of Civil Procedure 1042.3(a)." *Id.* The Court concluded its opinion by stating, "[b]ecause Talley fails to state any plausible claims for relief, his complaint is dismissed with prejudice in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Id.* at *10.

2

The District Court's dismissal of the action for failure to state a claim would seem to constitute a strike. *See* 28 U.S.C. § 1915(g). The only question is whether the Court's treatment of the medical malpractice claim alters the strike analysis.[12] It does not.

Amicus contends that the Court "dismissed Talley's claim in part for a non-strike reason—meaning that the dismissal was not 'entirely' on a strike ground." Amicus Suppl. Ltr. 3 (citing *Byrd*, 715 F.3d at 125). But *Byrd*'s mixed dismissal rule does not extend to alternative grounds for dismissing a claim. Under the mixed dismissal rule, no strike

---

[12] Amicus contends that the Court's observation about the COM was an alternative holding. We assume (without deciding) that it was.

16

accrues unless an "entire action or appeal" is dismissed on enumerated grounds. *Byrd*, 715 F.3d at 125. That means there is no strike when part of an action is dismissed on enumerated grounds and the remainder is dismissed on other grounds. *Wetzel*, 15 F.4th at 280. But when a court dismisses a claim using two equally sufficient rationales, one of which is strike-qualifying, that claim has been dismissed on a strike-qualifying ground and its dismissal counts toward a strike.

Here, the District Court's alternative holding about the COM did not affect its independent conclusion that Talley failed to state a medical malpractice claim. The Court's Rule 12(b)(6) reasoning was sufficient to resolve the malpractice claim (as it was with all other claims in *DOC II*). Because the Court explicitly relied upon a strike-qualifying basis to dismiss the entire action (and every claim therein), *DOC II* counts as a strike. *Byrd*, 715 F.3d at 126.[13]

Our conclusion here aligns with those of our sister circuits. In *O'Neal v. Price*, the Ninth Circuit concluded that alternative-ground dismissals generate strikes where a valid § 1915(g) basis is "fully sufficient" to resolve the claim. 531 F.3d 1146, 1156 (9th Cir. 2008). The Second Circuit agreed in *Griffin v. Carnes*, stating that a strike accrues "where one of the grounds for dismissal would independently justify a strike."

---

[13] *DOC II* is distinct from *Pillai*, where the sole basis for dismissing the malpractice claim was Talley's failure to file a COM. *See Pillai*, 2019 WL 6701346, at *6.

72 F.4th 16, 19 (2d Cir. 2023).[14]  Our conclusion is also consistent with the text of the three-strikes provision.  When an entire complaint is dismissed on alternative grounds, one of which is strike-qualifying, the "action . . . was dismissed" on strike qualifying grounds.  28 U.S.C. § 1915(g).

*　　*　　*

For the foregoing reasons, we conclude that Talley had one PLRA strike when he filed his notice of appeal in this case: *DOC II* was a strike, but *Pillai* and *DOC I* were not.  Because he had fewer than three strikes, we will grant his motion to proceed *in forma pauperis* for this appeal.

---

[14] No Court of Appeals has held otherwise in a precedential opinion.  Amicus cites the Fourth Circuit's unpublished opinion in *Cohen v. Hurson*, 623 F. App'x 620, 620–21 (4th Cir. 2015) (per curiam) (not precedential), for support, but that reliance is misplaced.  There, the district court dismissed a claim for lack of subject matter jurisdiction before opining that the claim was also frivolous.  *Id*.  Absent jurisdiction, the court's alternative merits holding was void and could not count toward a strike.  *Id.* at 621.